MORGAN et al. v. HAYS et al.

(Court of Civil Appeals of Texas. Texarkana. April 25, 1912.)

1. HUSBAND AND WIFE (§ 138*)—SEPARATE PROPERTY OF WIFE—TRANSFER BY HUSBAND —VALIDITY.

Where a note payable to a wife or order was a part of her separate estate, and she agreed that it might be pledged to secure a loan which her husband endeavored to obtain, but did not consent to a sale thereof by her husband, and did not indorse the same, a transfer of a note by the husband to a third person was not binding on the wife; the husband not being her agent for such purpose.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 524–537; Dec. Dig. § 138.*]

2. PLEDGES (§ 44*)—PAYMENT—EFFECT.

Where a renewal note signed by a maker and sureties was paid by the maker, the sureties could not sue on notes held by them as security against their liability as sureties.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 103–107; Dec. Dig. § 44.*]

Appeal from District Court, Cass County; P. A. Turner, Judge.

Action by A. M. Morgan against E. T. Hays, in which B. F. Collier and another intervened, and made L. H. and S. E. Morgan parties. From a judgment for plaintiff and one of the interveners, L. H. and S. E. Morgan appeal. Reversed and remanded.

Appellants were husband and wife. July 26, 1910, they sold and conveyed to appellee E. T. Hays a tract of land belonging to the separate estate of the wife, Mrs. S. E. Morgan, receiving therefor Hays' six promissory notes of that date, payable to Mrs. Morgan or order—one of them December 1, 1910, another December 1, 1911, another December 1, 1912, another December 1, 1913, another December 1, 1914, and the other December 1, 1915. Five of the notes were for $165, interest and attorney's fees, each; and the other was for $175, interest and attorney's fees. It was stipulated in each of the notes that the interest accruing on it should be paid annually, and that a failure to pay the principal sum or any installment of interest thereon, when due, at the election of the holder of any one of the notes, should operate to mature them all. In each of the notes was a recital that the vendor's lien had been retained on the land to secure its payment. Appellee A. M. Morgan, alleging that he was the legal owner and holder of the note which matured December 1, 1910, brought suit thereon against Hays, seeking a judgment against him for the amount thereof and a foreclosure of the vendor's lien on the land. Appellees B. F. Collier and R. G. McMichael intervened in the suit, alleging that they held the other five notes as collateral security for a note for $140, interest and attorney's fees, payable to them four months after its date, made by appellants August 1, 1910. They asked that appellants be made parties to the suit, and for a judgment against them on the $140 note, and for a foreclosure of the vendor's lien retained in the notes they held as collateral security for said $140 note. Appellants answered that the notes made by Hays belonged to Mrs. S. E. Morgan in her own separate right; that she had "never transferred, indorsed, or otherwise parted with her interest in" the one A. M. Morgan claimed to own; that the other five were placed with Collier and McMichael to secure the payment of their note

for $140 in favor of said Collier and Mc-Michael, as alleged by the latter, but that the consideration for their said note to Collier and McMichael was the undertaking on the part of said Collier and McMichael to pay to the Cass County State Bank L. H. Morgan's note to it for $140, interest and attorney's fees, dated February 14, 1910, and due June 14, 1910, secured by said L. H. Morgan's mortgage in favor of said bank on certain horses; that said Collier and Mc-Michael had failed to comply with their undertaking, and therefore that the consideration for their said note to Collier and Mc-Michael had failed. They prayed that their note to Collier and McMichael be canceled, and that they have judgment against said Collier and McMichael and A. M. Morgan for the possession of the Hays notes respectively held by them.

The trial was before the court without a jury. The judgment was (1) in favor of A. M. Morgan against Hays for the amount of the vendor's lien note which matured December 1, 1910; (2) in favor of Collier against Hays for the amount of the other five vendor's lien notes; (3) in favor of Collier against L. H. Morgan for the amount of the $140 note made by appellants to him and McMichael; (4) that McMichael take nothing by his intervention. The judgment was further in favor of A. M. Morgan and B. F. Collier, in that it foreclosed as against Hays the vendor's lien recited in the notes made by him, and directed a sale of the land, and the application of the proceeds of such sale to the payment pro rata of the respective sums adjudged to them. In the event such proceeds were more than sufficient to pay said sums and costs, the judgment provided that the excess should be paid over to and held by Collier as trustee for Mrs. S. E. Morgan.

Geo. W. Johnson and O. B. Pirkey, both of New Boston, and J. E. Stewart, of Naples, for appellants. E. E. Brougher, of Linden, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] It was not disputed that the Hays notes were a part of Mrs. Morgan's separate estate, and appellants insist the testimony was not sufficient to show that her title to the one A. M. Morgan sued on had passed to him. That note, like the others made by Hays, by its terms was payable to Mrs. Morgan or order. It was not pretended that she in person, by writing thereon or otherwise, had transferred it to A. M. Morgan or to any one else. On the contrary, it was conceded she had never in person in any way assigned it. The contention was that her husband, with her knowledge and consent, had verbally transferred it to said A. M. Morgan. There was testimony tending to show that she was willing that the notes should be pledged to secure a loan of money which her husband endeavored and failed to obtain; but none, as we view the record, tending to show that she consented to the sale made by her husband to A. M. Morgan, or that she knew her husband contemplated making a sale of the note to any one. Therefore we think the judgment in favor of A. M. Morgan cannot be affirmed on the ground that there was testimony to support a finding that in transferring the note to him L. H. Morgan was the agent of his wife. As it cannot be supported on any other ground presented by the pleadings, it follows that we think the judgment should be reversed.

[2] It appeared that at the time they made the note for $140 to Collier and McMichael appellants were not indebted to said Collier and McMichael, never afterwards were indebted to them, and that that note was made and the Hays notes pledged as security for its payment, for the purpose alone of indemnifying said Collier and McMichael against their liability as sureties on a note for $140 due June 14, 1910, made by L. H. Morgan to the Cass County State Bank, and the payment of which was further secured by a mortgage made by L. H. Morgan on certain horses. It further appeared that said note and mortgage to the bank were canceled February 28, 1911, when another note due November 1, 1911, covering the same debt, made by L. H. Morgan, with one Collier and one Kirkland, instead of Collier and Mc-Michael, as sureties, was delivered to and accepted by the bank in its place. In the oral argument on the submission of the appeal it was stated that the note last mentioned had been paid—by its maker L. H. Morgan, we assume. If it has been paid by him, on another trial Collier would not be entitled, on any view which might be taken of the questions made by the assignments relating to this branch of the case, to recover on the note made by appellants to him and Mc-Michael, or on the Hays notes pledged to them, for the purpose of indemnifying them against this liability as sureties for the debt of L. H. Morgan to the bank. Therefore we think it is unnecessary to determine those questions.

The judgment is reversed, and the cause is remanded for a new trial.